IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DONNA J. PERKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil No. 09-673-WDS-CJP** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to District Judge William D. Stiehl pursuant to **28 U.S.C. § 636(b)(1)(B)**.

In accordance with **42 U.S.C. § 405(g)**, plaintiff Donna J. Perkins seeks judicial review of the final agency decision finding that she is not disabled and denying her Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI) pursuant to **42 U.S.C. § 423**.[1] This matter is now before the Court on plaintiff's Motion to Remand **(Doc. 16)** and her Complaint **(Doc. 2)**.

## Procedural History

Plaintiff filed an application for DIB and SSI in August, 2006. The application was denied initially and on reconsideration. After a hearing, Administrative Law Judge (ALJ) Zane

---

[1]The statutes and regulations pertaining to DIB are found at 42 U.S.C. § 423, et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. For all intents and purposes relevant to this case, the DIB and SSI statutes are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Thus, plaintiff's DIB and SSI claims will be considered simultaneously, and most citations are to the DIB regulations out of convenience.

-1-

A. Lang denied the application for benefits in a decision dated October 15, 2008. (Tr.12-20). Plaintiff's request for review was denied by the Appeals Council, and the October 15, 2008, decision became the final agency decision.

Plaintiff has exhausted her administrative remedies and has filed a timely complaint in this court.

## Issues Raised by Plaintiff

Upon the filing of the administrative transcript, this Court ordered plaintiff to file a brief "which shall state with particularity which findings of the Commissioner are contrary to law." See, **Doc. 10.** After obtaining two extensions of time in which to file her brief, plaintiff filed a Motion to Remand at **Doc. 16.** She argues that this case should be remanded because the record does not contain admission and discharge summaries reflecting a hospitalization at Harrisburg Medical Center in July, 2008. She alleges that she mailed these records to the Social Security Administration on October 13, 2008, but they were not considered by the ALJ in making his decision or by the Appeals Council in denying plaintiff's request for review.

The medical records at issue are attached to **Doc. 16** as Exhibit A. Plaintiff argues that these records support her claim that she meets the requirements of Listing 12.04 (Affective Disorders).

## Applicable Standards

**1.  Determination of Disability**

To qualify for DIB or SSI, a claimant must be disabled within the meaning of the applicable statutes. For these purposes, "disabled" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. §§ 423(d)(1)(A) and**

**1382c(a)(3)(A).** A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. **42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C).**

Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. In essence, it must be determined (1) whether the claimant is presently employed; (2) whether the claimant has an impairment or combination of impairments that is severe; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education and work experience. **See,** *Schroeter v. Sullivan***, 977 F.2d 391, 393 (7th Cir. 1992);** *Pope v. Shalala***, 998 F.2d 473, 477 (7th Cir. 1993); 20 C.F.R. § 404.1520(b-f).**

If the Commissioner finds that the claimant has an impairment which is severe and she is not capable of performing her past relevant work, the burden shifts to the Commissioner to show that there are a significant number of jobs in the economy that claimant is capable of performing. **See,** *Bowen v. Yuckert***, 482 U.S. 137, 146, 107 S. Ct. 2287, 2294 (1987);** *Knight v. Chater***, 55 F.3d 309, 313 (7th Cir. 1995).**

**2.     Listed Impairments**

A finding that a claimant's condition meets or equals a listed impairment is a finding that the claimant is presumptively disabled. In order to be found presumptively disabled, the claimant must meet *all* of the criteria in the listing; an impairment "cannot meet the criteria of a listing based only on a diagnosis." 20 C.F.R. §404.1525(d).

With regard to Listing 12.04, claimant must meet satisfy the requirements of both parts A and B, or of part C of the listing, to be found presumptively disabled due to an affective disorder.

**3.     Standard of review**

It is important to keep in mind the proper standard of review for this Court.  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  **42 U.S.C. § 405(g).**  Thus, the Court must determine not whether Ms. Parker is, in fact, disabled, but whether ALJ Lang's findings were supported by substantial evidence; and, of course, whether any errors of law were made.  **See,** ***Books v. Chater*, 91 F.3d 972, 977-978 (7th Cir. 1996) (citing *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir.1995)).**

In reviewing for substantial evidence, this Court uses the Supreme Court's definition, that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  ***Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971).**  Further, the entire administrative record is taken into consideration, but this court *does not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ.  ***Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997).**

## Analysis

The "exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g)."  ***Shalala v. Schaefer*, 113 S. Ct. 2625, 2629 (1993).**  Plaintiff's motion does not identify the basis on which she seeks remand.

A sentence four remand depends upon a finding of error, and is itself a final, appealable order.  In contrast, a sentence six remand is for the purpose of receipt of new evidence, but does not determine whether the Commissioner's decision as rendered was correct.  A sentence six remand is not an appealable order.  **See,** ***Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999).**  See also, ***Curtis v. Shalala*, 12 F.3d 97, 99-100 (7th Cir. 1993).**

Plaintiff's argument is skeletal, at best.  Without explaining why, she suggests that, if the

Harrisburg Medical Center records had been reviewed by the ALJ or by the Appeals Council, she would have been found to have met the requirements of Listing 12.04. See, **Doc. 16, ¶¶ 6-7**.

The medical records at issue indicate that Ms. Perkins was admitted to Harrisburg Medical Center on July 25, 2008, for depression. She admitted to having smoked "something" the prior weekend. Her drug screen was positive for marijuana, benzodiazepines, cocaine, opiates and TCA. **Doc. 16**, **Ex. A, p. 1**. She was treated with medication and group therapy. She was discharged on August 1, 2008. Her mood and affect on discharge were described as euthymic.[2] She was not anxious, irritable or confused. She was advised to follow up with her own psychiatrist. **Doc. 16**, **Ex. A, p. 4**.

The evidentiary hearing was held on September 23, 2008, about two months after the Harrisburg Medical Center hospitalization. The ALJ questioned Ms. Perkins about her mental health treatment. She described weekly outpatient counseling, but did not say that she had been hospitalized for depression two months earlier. (Tr. 271-272). Plaintiff was represented by counsel at the hearing. Counsel also examined her about her physical complaints and her depression. At no time did plaintiff mention that she had been hospitalized for depression. (Tr. 274-278).

Plaintiff states that she mailed the Harrisburg Medical Center records to the Social Security Administration on October 13, 2008. Defendant points out that October 13, 2008, was Columbus Day, a federal holiday on which there is no mail service. The ALJ issued his decision on October 15, 2008, without having received the Harrisburg Medical Center records. In fact, defendant represents to the Court that the Agency has no record of ever receiving the Harrisburg Medical Center records. **Doc. 18, p. 4.**

---

[2]Euthymic mood is defined as "moderation of mood, not manic or depressed." See, www.medilexicon.com/medicaldictionary.php, accessed on April 5, 2011.

Plaintiff's point with regard to the Appeals Council action is a nonstarter. In the absence of an error of law in applying the regulation which provides for Appeals Council review, the Appeals Council's denial of a request for review is discretionary and not subject to review by this Court. **Perkins v. Chater**, 107 F.3d 1290, 1294 (7th Cir. 1997). Pursuant to 42 U.S.C. §405(g), this Court is authorized to review the final agency decision. Where the Appeals Council has denied review, the decision of the ALJ, rather than the Appeals Council denial, is the final agency decision subject to judicial review. **Getch v. Astrue, 539 F.3d 473, 480 (7th Cir. 2008)**.

In any event, plaintiff's request for Appeals Council review was not based on the fact that the record had not contained the Harrisburg Medical Center records or that the ALJ had not considered those records. Plaintiff's request for review is at Tr. 262-264. She asked for Appeals Council review because her attorney had not received the agency's file before the hearing, and had still not received it as of the date of the request for review. The Appeals Council denied the request, noting that plaintiff had not raised any objection at the hearing. Tr. 2-4. Plaintiff does not argue in this Court that the Appeals Council committed an error of law in rejecting her request for review. The denial of the request for review does not present an issue for this Court to consider.

The ALJ's failure to consider medical records that had not been received by him is not grounds for remand under either sentence four or under sentence six. As is noted above, a sentence four remand is available only where there has been an error by the agency. Plaintiff suggests that the agency erred in not fully developing the record. **Doc. 16, ¶8**. However, the record contradicts that suggestion.

It was plaintiff's burden to submit evidence showing that she was disabled. 42 U.S.C. §423(d)(5)(A); 20 C.F.R. §404.1512(a). While the ALJ has a duty to fully develop the record,

this duty cannot be stretched to require the ALJ to obtain medical records of which he has no knowledge. Where, as here, the claimant is represented by an attorney, the ALJ is entitled to assume that she has put on her strongest case for benefits. **Glenn v. Secretary of Health and Human Services, 814 F.2d 387, 391 (7th Cir. 1987).**

Sentence six permits the Court to remand for the consideration of new and material evidence where plaintiff shows good cause for her failure to submit the evidence to the ALJ. Plaintiff does not argue that the Harrisburg Medical Center records meet this standard.. Such an argument would be futile in any event. **See, Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir. 1997).**

Plaintiff's only attack on the ALJ's decision is that he did not consider the Harrisburg Medical Center records. She does not argue that the decision was unsupported by substantial evidence in any other respect. Because the Harrisburg Medical Center records were not before the ALJ, this Court cannot consider those records in reviewing for substantial evidence. **Diaz v. Chater, 55 F.3d 300, 308-309 (7th Cir. 1995)**. As plaintiff has not identified any specific error in the ALJ's decision, this Court has undertaken a general review of the record, and finds that the ALJ's decision was supported by substantial evidence.

ALJ Lang properly followed the five step analysis. He concluded that plaintiff does have severe impairments of a cervical spine condition, left upper extremity condition, depression, alcohol abuse, asthma, COPD and obesity. He found that her impairments do not meet or equal a listed impairment. (12-13). The ALJ also found that plaintiff's testimony was not entirely credible. (Tr. 14).

The ALJ's findings as to plaintiff's physical RFC were supported by the opinions of Dr. Leung, who performed a consultative examination, and of the state agency physician who reviewed the records and assessed her RFC. (Tr. 15-16). The ALJ adequately explained why he

gave greater weight to those opinions and less weight to the opinions of plaintiff's treating doctors. While there were conflicts in the medical evidence, it was the province of the ALJ to resolve those conflicts and to explain his reasoning. ***Williams v. Apfel*, 179 F.3d 1066, 1073 (7th Cir. 1999).**

The ALJ's findings as to plaintiff's mental limitations were also supported by substantial evidence. He noted that plaintiff had worked for several years after the onset of her depression. He gave greater weight to the opinions of Dr. Deppe, who performed a consultative examination, than to the opinions of the therapists who were not acceptable medical sources. (Tr. 16-17). The ALJ specifically considered whether plaintiff met the requirements of Listing 12.04, and determined that she did not satisfy the B or C criteria. (Tr. 18-19). He determined that plaintiff's mental RFC is limited to following simple instructions and making simple judgments, no production rate jobs with quotas measured throughout the day, and only occasional contact with the public, supervisors, and coworkers. (Tr. 19).

Relying on the testimony of a vocational expert, the ALJ concluded that Ms. Perkins has the capacity to perform her past work of assembler and ironer. Therefore, he found that she was not disabled. (Tr. 19). Plaintiff has not raised any point with respect to the testimony of the vocational expert, and there are no obvious deficiencies with respect thereto.

## Recommendation

Because plaintiff has not demonstrated that remand is appropriate under either sentence four or sentence six of 42 U.S.C. § 405(g), which are the exclusive avenues for remand, this Court recommends that plaintiff's Motion for Remand **(Doc. 16)** be **DENIED**.

Because the decision of the ALJ is supported by substantial evidence in the record as a whole, and no errors of law were made, this Court recommends that the final decision of the Commissioner of Social Security, finding that plaintiff Donna J. Perkins is not disabled, be

**AFFIRMED.**

Objections to this Report and Recommendation must be filed on or before April 25, 2011. **Submitted: April 7, 2011.**

          **s/ Clifford J. Proud**
          **CLIFFORD J. PROUD**
          **UNITED STATES MAGISTRATE JUDGE**